UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 1:11-cr-254 |
| v. | ) | Honorable Paul L. Maloney |
| VICTOR MARTINEZ-SANCHEZ, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on October 7, 2011, after receiving the written consent of defendant and all counsel. At the hearing, defendant VICTOR MARTINEZ-SANCHEZ entered a plea of guilty to Count One, charging defendant with being present in the United States without permission of the Attorney General after having been convicted of a felony conviction in violation of 8 U.S.C. § 1326(a) & (b)(1), in exchange for the undertakings made by the government. There is no written or oral plea agreement. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count One be accepted, that the court adjudicate defendant guilty. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.


Date: October 7, 2011                               /s/ Joseph G. Scoville
                                                    JOSEPH G. SCOVILLE
                                                    United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).